IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAMELA J. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-4016-CV-C-WJE |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Defendant's Motion to Exclude evidence of, or recovery of damages for, any purported disability discrimination or retaliation, which may have occurred prior to May 27, 2009. The Defendant has filed suggestions in support. (Doc. 115). Plaintiff has filed suggestions in opposition (Doc. 116) to which Defendant has filed a reply (Doc. 128). The Motion to Exclude is now ripe for consideration. For the reasons that follow, Defendant's motion is granted as set forth below.

### I.  Background

The Motion before the Court concerns previous litigation in the Circuit Court of Boone County, Missouri. In mid-2007, Plaintiff brought suit against the current Defendant and one other party alleging hostile work environment and retaliation based on her gender and race. *Smith v. The Curators of the University of Missouri and Ralph Lawrence Dessem*, Case No. 07BA-CV02487. Roughly a year later, Plaintiff filed a second lawsuit in state court against Defendant and several other parties, alleging discrimination and retaliation based on Plaintiff's disability. *Smith v. The Curators of the University of Missouri, et al.*, Case No. 08BA-CV02268. These two cases were subsequently consolidated and removed to the United States District Court for the Western District of Missouri with the Honorable Gary A. Fenner presiding. *Smith v. Curators of the Univ. of Mo.*, No. 08-4230-CV-C-GAF (W.D. Mo. May 27, 2009).

In federal court, defendants moved to dismiss the case with prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). *Id.* at Doc. 18. After Plaintiff failed to respond within the allotted time, Judge Fenner issued an Order to Show Cause where Plaintiff was given

fifteen days to explain why defendants' motion should not be granted. *Id.* at Doc. 20. Plaintiff failed to respond. *Id.* at Doc. 21. The case, which included claims of disability discrimination and retaliation, was dismissed with prejudice on May 27, 2009. *Id.* Plaintiff subsequently brought the instant case against Defendant, alleging discrimination and retaliation based on her disability of chronic fatigue syndrome. (Doc. 38).

## II. Discussion

At issue is whether Plaintiff's current discrimination claims may include alleged instances of discrimination or retaliation that occurred prior to May 27, 2009. (Doc. 38 at ¶¶ 93-102, 118-125, 142-151, and 500-501). Defendant argues these instances were previously litigated and dismissed on May 27, 2009. (Doc. 115).

Collateral estoppel, or issue preclusion, prevents "the relitigation of a claim on grounds that were raised or could have been raised in [a] prior suit." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Collateral estoppel has four elements:

> (1) the issue decided in the prior adjudication is identical to the issue as to which collateral estoppel is sought in the present adjudication; (2) the prior adjudication was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or is in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Beery v. Chandler*, No. 4:14CV456 RLW, 2015 U.S. Dist LEXIS 5990 (E.D. Mo. Jan 20, 2015) (quoting *Bowers v. Highland Dairy Co.*, 188 S.W.3d 79, 86 (Mo. Ct. App. 2006).

Here, in the pending case, Plaintiff cannot prosecute alleged discriminatory or retaliatory acts that occurred prior to May 27, 2009. First, based on the facts Plaintiff plead in the Second Amended Petition, it is apparent that alleged acts of disability discrimination and/or retaliation that occurred before May 27, 2009 are included in the present lawsuit. As such, the first element of collateral estoppel requiring symmetry of issues decided in prior litigation and alleged in present litigation is met.

Second, the prior adjudication was a final judgment on the merits. The Eighth Circuit has held that an involuntary dismissal under Fed. R. Civ. P. 41(b) based on a party's failure to prosecute his or her claims serves as a dismissal on the merits. *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005). Furthermore, Fed. R. Civ. P. 41 expressly states "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under

this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

Third, the present action involves a party that was involved in the prior lawsuit. The Curators of the University of Missouri, as well as other named defendants, were sued by Plaintiff in the previous litigation. *Smith v. Curators of the Univ. of Mo.,* No. 08-4230-CV-C-GAF (W.D. Mo. May 27, 2009). In the instant matter, Plaintiff filed her lawsuit against the Curators of the University of Missouri. (Doc. 38). Thus, Defendant was a party in both the prior and current litigation, and the third element of collateral estoppel has been met.

Lastly, the Court finds that Plaintiff had a full and fair opportunity to litigate these issues in the prior lawsuit. For the purposes of collateral estoppel, a litigant is deemed to have had a "full and fair opportunity" to litigate claims if he or she was afforded procedural due process in the prior suit. *Meyers v. Roy,* 714 F.3d 1077, 1081 (8th Cir. 2013). "The party must have [had] the opportunity to litigate the issue" and "issue preclusion will apply even if the party does not take advantage of that opportunity." *Irving v. Dormire,* 586 F.3d 645, 649 (8th Cir. 2009) (internal citations omitted).

Based on the docket from the previous litigation, the Court finds that Plaintiff had ample opportunity to litigate her claims of disability discrimination and retaliation that occurred prior to the judgement issued on May 27, 2009. *Smith v. Curators of the Univ. of Mo.,* No. 08-4230-CV-C-GAF (W.D. Mo. May 27, 2009). On April 20, 2009, Defendants in Case No. 08-4230-CV-C-GAF moved to dismiss the case with prejudice for failure to prosecute. *Id.* at Doc. 18. In the suggestions in support of their motion, Defendants alleged that Plaintiff disregarded numerous attempts to hold the conference mandated by Fed. R. Civ. P. 26(f), failed to timely respond to discovery, and completely ignored court orders requesting action on her behalf. *Id.* at Doc. 19. As of May 7, 2009, Plaintiff had not responded to Defendants' motion to dismiss and the court issued an order to show cause asking Plaintiff to explain why the motion should not be granted within fifteen days. *Id.* at Doc. 20. Again, Plaintiff failed to respond to the court's instructions and the case was dismissed on May 27, 2009, with prejudice. *Id.* at Doc. 21. Plaintiff was given adequate opportunity to fully litigate her claims of disability discrimination or retaliation that occurred before the court dismissed Case No. 08-4230-CV-C-GAF on May 27, 2009. Therefore, the fourth element of collateral estoppel is met. Evidence of, or recovery for, any purported disability discrimination or retaliation that occurred before May 27, 2009, shall be accordingly excluded from evidence.

## CONCLUSION

Defendant's motion *in limine* regarding collateral estoppel (Doc. 115) is GRANTED as set forth herein.

IT IS, THEREFORE, ORDERED.

Dated this 13th day of December, 2018, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge