IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAMELA JEANETTE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-4016-CV-C-WJE |
| | ) |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Non-Retained Experts (Doc. 120) and suggestions in support thereof (Doc. 121). Defendant has filed suggestions in opposition (Doc. 131) and a reply brief was not filed. The motion is now ripe for consideration. For the reasons that follow, Plaintiff's motion is denied as set forth below.

## DISCUSSION

Plaintiff's motion to strike argues that Defendant's initial disclosures fail to provide the subject matter or a summary of facts and opinions for its non-retained experts in accordance with Fed. R. Civ. P. 26(a)(2)(C). Defendant asserts that its initial disclosures were timely, and adequately conveyed the non-retained experts' subject matter, summary, and opinions to which they are expected to testify. Additionally, Defendant states that any defect contained in its initial disclosures is cured by Defendant's Supplemental Disclosure of Experts served on December 7, 2018. (Doc. 130; Doc. 131-1).

A party must disclose expert opinions "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the expert is not retained, the disclosure must include the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Under Fed. R. Civ. P. 26(e), a party has a duty to supplement disclosed information "in a timely manner if the party learns that some material [in] respect to the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In the event an expert disclosure is deemed insufficient by

the court, the expert's testimony will still be admitted absent a showing of prejudice to either party. *See Crump v. Versa Prods., Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005).

In this case, Defendant timely filed its expert disclosures pursuant to the Court's Scheduling Order by October 3, 2018. (Doc. 113; Doc. 120-2). Defendant initially disclosed non-retained experts in the following manner: 1) Plaintiff's Treating Health Care Providers identified in Plaintiff's Rule 26 disclosures and discovery responses; 2) Plaintiff's identified expert witnesses; and 3) Amber Cheek, the Director of Accessibility and ADA Coordinator at the University of Missouri. (Doc. 120-2). Subsequently, Defendant provided Plaintiff with a Supplemental Expert Disclosure. This disclosure withdrew the designation of Plaintiff's Treating Health Care Providers as non-retained experts, offered additional detail regarding the expected testimony from Ms. Cheek, and added the names of Plaintiff's identified expert witnesses. (Doc. 131-1).

As an initial matter, the non-retained experts outlined above in points one and two require only brief analysis. First, Defendant has withdrawn the designation of Plaintiff's treating healthcare providers as non-retained experts. Thus, any argument on this issue is moot. Second, Plaintiff retained the identified expert witnesses–Dr. Teitelbaum and Dr. Bossio–and for that reason is aware of their opinions. She is accordingly on adequate notice regarding the projected testimony of these experts. As a result, the only remaining issue in the motion relates to Ms. Cheek.

Plaintiff's primary contention appears to concern the designation of Ms. Cheek as Defendant's non-retained expert. In its initial disclosure served on October 3, 2018, Defendant stated that Ms. Cheek "may be called to offer opinions at trial regarding the allegations in Plaintiff's Second Amended Complaint and the policies and procedures pertaining to disability accommodations within the realm of her education, training, and experience." (Doc. 120-2). Plaintiff, who is *pro se*, filed the present lawsuit and likely drafted the Second Amended Complaint herself. Therefore, she should be intimately familiar with the issues raised in the Second Amended Complaint and abreast of the general topics Ms. Cheek will address. Any ambiguity Plaintiff claims from the initial disclosure served on October 3, 2018, is rectified by the supplemental disclosure filed on December 7, 2018, which goes into great detail about Ms. Cheek's proposed testimony. (Doc. 131-1). According to the supplemental disclosure, Ms. Cheek is expected to address Plaintiff's allegations in Counts Eight, Nine, Ten, and Eleven, as well as specific policies and procedures the ADA coordinator is required to follow with regard to disability

accommodations. *Id.* As such, the Court finds Defendant sufficiently disclosed the subject matter, facts, and opinions regarding Ms. Cheek's expert testimony.

Even assuming Defendant's initial disclosures were insufficient, Plaintiff has failed to show prejudice to warrant the exclusion of Ms. Cheek's expert testimony. Indeed, discovery is ongoing and open until December 28, 2018. (Doc. 80). Plaintiff has the opportunity to depose Ms. Cheek to solidify any details of her anticipated testimony, and Defendant offered to produce Ms. Cheek for deposition on December 17, 2018. (Doc. 131). Plaintiff has not shown prejudice from such testimony and still has ample opportunity to examine Ms. Cheek prior to trial. Thus excluding Ms. Cheek's testimony would be improper.

Plaintiff also contends Ms. Cheek should be precluded from testifying to particular time periods or facts due to a lack of personal knowledge. However, that issue is suited for cross-examination and does not warrant the exclusion of an expert witness. *Synergetics, Inc. v. Hurst,* 477 F.3d 949, 955–56 (8th Cir. 2007) (factual basis of an expert's testimony relates to credibility, and not admissibility). Defendant's non-retained expert disclosures were timely, unprejudiced, properly detailed, and allowed by evidentiary principles. Therefore, the witnesses identified therein will not be excluded.

## **CONCLUSION**

Plaintiff's Motion to Strike Defendant's Non-Retained Experts (Doc. 120) is DENIED as set forth herein.

IT IS THEREFORE ORDERED.

Dated this 22nd day of December, 2018, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge