# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| PAMELA JEANETTE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-4016-CV-C-WJE |
| | ) |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Retained Expert Designation and Report (Doc. 125) and suggestions in support thereof (Doc. 126). Defendant has filed suggestions in opposition (Doc. 132) and a reply brief was not filed. The motion to strike is now ripe for consideration and for the reasons that follow, Plaintiff's motion is denied as set forth below.

## DISCUSSION

Plaintiff's motion to strike argues that Defendant's designation of its retained expert, Dr. Lige B. Rushing, Jr., fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B) and, therefore, his testimony and report should be excluded from evidence.

A party must disclose expert opinions "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the expert witness is "one retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by written report that is prepared and signed by the witness. *Id.* The report must contain the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* Under Fed. R. Civ. P. 26(e), a party has a duty to supplement disclosed information "in a timely manner if the party learns that some material respect to the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In the event an expert disclosure is deemed insufficient by the court, the expert's testimony will still be admitted absent a showing of prejudice to either party. *See Crump v. Versa Prods., Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005).

In this case, Defendant timely served its expert disclosure in accordance with the Court's Scheduling Order on October 3, 2018, where it identified Dr. Rushing as a retained expert. (Doc. 80; Doc. 113). Defendant included both Dr. Rushing's curriculum vitae and written expert report, and stated that Dr. Rushing "may be called to testify regarding Plaintiff's medical diagnosis and conditions and any other subjects or opinions referenced in his report and any subsequent deposition testimony, including reasonable inferences arising therein." (Doc. 125-1; Doc. 126). Subsequently, Defendant served Plaintiff with a Supplemental Expert Disclosure which provided a list of cases in which Dr. Rushing previously testified and stated the compensation to be paid for his testimony. (Doc. 132).

The Court finds Defendant's retained expert disclosures to be sufficient and do not warrant the harsh measure of exclusion. Plaintiff argues Dr. Rushing's written report does not contain all of the elements set forth in Fed. R. Civ. P. 26(a)(2)(B). First, Plaintiff states that Dr. Rushing's report does not adequately set forth a basis for his opinions or the facts or data considered in forming his opinions. Specifically, Plaintiff argues, among other things, that Dr. Rushing disregards published medical data that is contrary to his opinion, fails to take into account all of the diagnoses and test results contained in Plaintiff's medical records, and does not specify which facts influence his opinion in the four-hundred and fifty pages of documents he reviewed. However, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Tech.*, 259 F.3d 924, 929-30 (8th Cir. 2001) (quoting *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3 968 (8th Cir. 1996). Plaintiff's contentions in this regard are suited for cross-examination and will not preclude the witness from testifying.

Second, Plaintiff contends Dr. Rushing's report does not include exhibits that summarize or support his opinion. The Court notes that a jury trial in this matter is not scheduled until June 3, 2019. (Doc. 80). Discovery is ongoing, and as the case continues to evolve, the Court anticipates

that Defendant will supplement its expert disclosure with any exhibits it intends to utilize at trial to summarize or support Dr. Rushing's opinion. As such, Plaintiff's dispute regarding this requirement of Fed. R. Civ. P. 26(a)(2)(B) is premature.

Third, the Court finds that Defendant sufficiently stated Dr. Rushing's qualifications by way of his written report and curriculum vitae. Of note, Dr. Rushing's report states that he has treated thousands of patients who had autoimmune diseases as well as patients with chronic fatigue syndrome.[1] (Doc. 125-1). As stated, *supra*, any deficiency in Dr. Rushing's qualifications should be explored during cross-examination and will not prohibit his testimony.

Finally, Plaintiff asserts that Dr. Rushing's testimony and report should be excluded because the expert disclosure served on October 3, 2018, does not include either a list of all other cases in which he testified during the last four years, or a statement regarding compensation for his testimony. However, Defendant has since supplemented its disclosure on December 7, 2018 with the list of cases and Dr. Rushing's fees schedule. Although the Court finds this information was likely readily available to Defendant at the time of its initial disclosure in October, the supplement served in December cured the defect and Plaintiff has failed to demonstrate any prejudice. Discovery does not close until December 28, 2018, and Plaintiff has not deposed Dr. Rushing. Now that Plaintiff is in possession of Dr. Rushing's list of cases and compensation rates, she has an opportunity to question him regarding these topics prior to trial, thus eliminating any element of surprise. Because Plaintiff has failed to show prejudice, Dr. Rushing's report and testimony will not be excluded.

## **CONCLUSION**

Plaintiff's Motion to Strike Defendant's Retained Experts (Doc. 125) is DENIED as set forth herein.

IT IS THEREFORE ORDERED.

Dated this 22nd day of December, 2018, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge

---

[1] Plaintiff alleges that chronic fatigue syndrome is the basis of her disability.